UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FIDDLER, GONZALEZ & RODRIGUEZ, PSC<br><br>DEBTOR | CASE NUMBER: 17-03403 EAG<br><br>CHAPTER 7 |
| NOREEN WISCOVITHCH-RENTAS, as Chapter 7 Trustee of the Debtor, FIDDLER, GONZÁLEZ & RODRÍGUEZ, PSC.<br><br>Plaintiff,<br><br>VS.<br><br>MARIA TERESA SZENDREY RAMOS, JOHN DOE 1, JOHN DOE2, JOHN DOE 3, JANE DOE1, JANE DOE 2, JANE DOE 3, AND FOR EACH JOHN AND JANE DOE, THEIR RESPECTIVE SPOUSES AND CONJUGAL PARTNERSHIPS<br><br>Defendants. | Adv. Proc. No.: 19-315 (MCF) |

## ANSWER TO "ADVERSARY COMPLAINT TO VOID AND RECOVER AVOIDABLE TRANSFERS AND FOR OTHER RELIEF"

**TO THE HONORABLE COURT:**

  **COMES NOW** creditor María Teresa Szendrey Ramos, through the undersigned attorney, and respectfully answers the complaint in the above numbered adversary proceeding ("Complaint") as follows:

### INTRODUCTION

1. Paragraph 1 of the Complaint is admitted.
2. Paragraph 2 of the Complaint is admitted.
3. Paragraph 3 of the Complaint is admitted.
4. Paragraph 4 of the Complaint is admitted.

## THE PARTIES

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is denied as drafted. At the time of the alleged transfer Defendant was an employee of Debtor and owner of an insignificant percentage of the Debtor's shares. It is affirmatively alleged that at the time of the alleged transfer she was not a director, nor had any administrative function, or for that matter, power within Debtor.

7. Paragraph 7 of the Complaint is not directed to the undersigned and, therefore, they do not require a responsive allegation. Alternatively, it is denied. Defendant was single at all times material to this action.

8. In response to Paragraph 8 of the Complaint, Defendant is without sufficient information to either admit or deny the allegations contained therein.

9. The First Sentence of Paragraph 9 of the Complaint is admitted. The second sentence of said paragraph is denied. Debtor/Fiddler was not insolvent by 2013.

10. In response to paragraph 10 of the Complaint, Defendant is without sufficient information to either admit or deny the allegations contained therein.

11. Paragraph 11 of the Complaint is admitted.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied.

## THE TRANSFERS AT ISSUE

14. Paragraph 14 of the Complaint is denied. It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana for the total amount of the outstanding debt balance related to the unit.

## THE CLAIMS AT ISSUE

**Count 1 – Avoidance of Avoidable Transfers Pursuant to 11 USC §§ 547, 548 and 550**

15. Defendant re-alleges and incorporates by reference the allegations of all prior paragraphs of the Answer to Complaint.

16. Paragraph 16 of the Complaint is admitted, as it is a recanting of 11 USC §548, but its application to the captioned adversary proceeding is denied.

17. Paragraph 17 of the Complaint is admitted, as it is a recanting of 11 USC § 547, but its application to the captioned adversary proceeding is denied.

18. Paragraph 18 of the Complaint is denied. It is affirmatively alleged that Defendant did not receive the alleged Transfer. It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana for the total amount of the outstanding debt balance related to the unit.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

**THE WHEREFORE after paragraph 22** does not require a responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied

**Count II / Rescission of Transfers Pursuant to 11 USC §544(b) and Art. 124(3) of Puerto Rico Civil Code**

23. Defendant re-alleges and incorporates by reference the allegations of all prior paragraphs of this Answer.

24. Paragraph 24 of the Complaint is admitted, as it is a recanting of 11 USC §544(b), but its application to the captioned adversary proceeding is denied.

25. Paragraph 25 of the Complaint is admitted, as it is a recanting of Article 1227 of the Puerto Rico Civil Code, but its application to the captioned adversary proceeding is denied.

26. Paragraph 26 of the Complaint is admitted, as it is a recanting of Article 1228 of the Puerto Rico Civil Code, but its application to the captioned adversary proceeding is denied.

27. Paragraph 27 of the Complaint is denied as drafted. It is specifically denied that the only transaction included in Exhibit A of the captioned adversary proceeding constitutes a transfer for the benefit of Defendant. . It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana for the total amount of the outstanding debt balance related to the unit.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is admitted, as it is a recanting of Article 1243(3) of the Puerto Rico Civil Code, but its application to the captioned adversary proceeding is denied.

30. Paragraph 30 of the Complaint is admitted, as it is a recanting of Article 1249 of the Puerto Rico Civil Code, but its application to the captioned adversary proceeding is denied.

31. Paragraph 31 of the Complaint is admitted.

32. Paragraph 32 of the Complaint is denied. As previously stated the transaction included in Exhibit A was not a Transfer for the benefit of Defendant. It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana for the total amount of the outstanding debt balance related to the unit.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied.

36. Paragraph 36 of the Complaint is denied.

   **The WHEREFORE after paragraph 36** does not require an responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied

### Count III-Turnover of Property Pursuant to 11 USC § 542

37. Defendant re-alleges and incorporates by reference the allegations of all prior paragraphs of this Answer to Complaint.

38. Paragraph 38 of the Complaint is denied.

39. Paragraph 39 of the Complaint is denied, since, based on our affirmative allegations, there was no such transfer.

40. Paragraph 40 is denied. As previously stated there was no Transfer. It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana for the total amount of the outstanding debt balance related to the unit.

    **The WHEREFORE after paragraph 40** of the Complaint does not require a responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied.

### Count IV- Objection to Claim

41. Defendant re-alleges and incorporates by reference the allegation of all prior paragraphs of this Answer to Complaint.

42. Paragraph 42 of the Complaint is a statement or prayer for relief which does not require a response by the appearing party. Alternatively, it is denied, particularly the validity of the pretended objection to Defendant's claims against the bankruptcy estate.

43. Paragraph 43 of the Complaint is a statement or prayer for relief which does not require a response by the appearing party. Alternatively, it is denied, particularly the validity of the pretended objection to Defendant's claims against the bankruptcy estate. All bases therein alleged by the Trustee are denied.

    **The WHEREFORE after paragraph 43** of the Complaint does not require a responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied.

### Count V – Subordination of Claims

44. Defendant re-alleges and incorporates by reference the allegations of all prior paragraphs of this Answer to Complaint.

45. Paragraph 45 of the Complaint is a statement or prayer for relief which does not require a response by the appearing party. Alternatively, it is denied, particularly the validity of the pretended subordination of claims.

46. Paragraph 46 of the Complaint only states the content of Section 510 (b) and (c) of the Bankruptcy Code which does not require a response by the appearing party. Alternatively, it is denied.

47. Paragraph 47 of the Complaint is denied.

**The WHEREFORE after paragraph 47** of the Complaint does not require a responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied.

**Count VI – Relief Against Conjugal Partner Defendants**

48. Defendant re-alleges and incorporates by reference the allegations of all prior paragraphs of this Answer to Complaint and the basis upon which the requested relief should be denied.

49. Paragraph 49 of the Complaint does not require a response by the appearing party. Alternatively, it is denied. It is affirmatively alleged that, during the time span relevant to the facts alleged in this adversary complaint, Defendant has formed part of no conjugal parties, i.e. has been single.

**The WHEREFORE after paragraph 49** of the Adversary Complaint does not require a responsive allegation by the Defendant, as it is a prayer for relief. Alternatively, it is denied.

50. Defendant denies the validity of reservation of rights included in paragraph 50 of the Adversary Complaint.

**AFFIRMATIVE DEFENSES**

1. Debtor was not insolvent in 2013, as alleged, nor at the time of the alleged transfer in controversy.

2. At the time relevant to these proceedings, the Defendant was not an insider of the Debtor.

3. The transaction included in Exhibit A to the Complaint is not a transfer to the Defendant. It is affirmatively alleged that there was no transfer to Defendant as included in Exhibit A, but that the BMW X5 therein mentioned was purchased from Popular Leasing, Debtor's lessor, by Autogermana, for the total amount of the outstanding debt balance related to the unit.

4. In the alternative that the transaction included in Exhibit A to the complaint is considered a transfer for defendant, Autogermana paid more than the actual value of the asset in the Debtor's books. Hence, the alleged transfer was for the benefit of Debtor and with no actionable benefit for the Defendant.

5. In the alternative that the transaction included in Exhibit A to the complaint is considered a transfer to defendant, it was a good faith for value transfer made in the ordinary course of financial affairs of the debtor and the transferee. Hence, defendant alleges that the transfer of property that is the subject of this action is specifically excepted from **avoidance**, said **transfer** falling within the purview of 11 U.S.C.A. § 547(c).

6. In the alternative that the transaction included in Exhibit A to the complaint is considered a transfer to defendant, the alleged transferred occurred outside the two-year period pursuant to Section 548 of the Bankruptcy Code. Also, the alleged transfer occurred outside of the one (1) year reach-back period (for insiders) of Section 547 (b)(4)(B). Thus, the preference claim is insufficient as a matter of law, contrary to law, and not applicable to Defendant.

**WHEREFORE**, the Adversary Complaint having been fully answered, the Defendant respectfully prays for it to be dismissed, with costs to be adjudged against plaintiff Trustee, and for such other relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that on July 15, 2019 I electronically filled the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in the captioned bankruptcy proceeding.

At San Juan, Puerto Rico this 15th day of July, 2019.

**INVENIO LAW LLC**
Attorneys for Creditor Szendrey Ramos
PO Box 9021829
San Juan PR 00902-1829
Tel.    787-724-8117/787-725-8748

s/ Juan J. Hernández López de Victoria
USDC 210713
jjhernandez@inveniolawpr.com